UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VIVIAN DOROTHEA GROVER-TSIMI,

       Plaintiff,

v.

PARK DENTAL GROUP
(a.k.a. Park Dental Doctor's Group,
a.k.a. Park Dental Resource Group,
a.k.a. PDG, P.A.) on behalf of
BARTON G. DAVIS, DDS,
STACEY K. VOGT, DDS, and
JUSTIN L. HAGEN, DDS,

       Defendants.

Civil No. 09-2633 (DWF/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which she seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff alleges that during the past two years she has repeatedly sought dental care for various problems with a tooth identified as "tooth # 18." Defendants allegedly attempted to treat Plaintiff's ailing tooth, but, according to the complaint,

their efforts have been unavailing.  Plaintiff alleges that Defendants have committed numerous errors while attempting to resolve her dental problems.  She is now attempting to sue Defendants for their alleged negligence and dental malpractice.

Plaintiff claims that she has suffered permanent injuries because of Defendants' alleged negligence/malpractice.  She is seeking a judgment against Defendants in the amount of $350,000.00 to compensate her for her alleged injuries.

Plaintiff's complaint does not identify any grounds for federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8,[1] and the Court cannot independently discern any basis for exercising subject matter jurisdiction in this action.  The Court will therefore recommend that this case be summarily dismissed for lack of jurisdiction.

## II.  DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).  "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte."  Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must

---

[1]  Rule 8(a) requires that every complaint filed in federal court must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

dismiss the action." (Emphasis added.)

Here, it plainly appears on the face of Plaintiff's complaint that there are no grounds for federal subject matter jurisdiction. The complaint expressly states that Plaintiff is seeking relief based on Defendants' alleged "negligence" and "malpractice," which are <u>state</u> common law tort theories. Therefore, jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331.

It is equally clear that subject matter jurisdiction cannot exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332, because the complaint specifically alleges that Plaintiff and all named Defendants are residents of the same state – namely, Minnesota.

Because it clearly appears on the face of Plaintiff's complaint that there are no grounds for federal subject matter jurisdiction in this case, Plaintiff's current claims for relief cannot be litigated in federal court. The Court will therefore recommend that Plaintiff's IFP application be denied, (<u>see</u> 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[2]

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

---

[2] The Court's recommendation does not rule on the merits of Plaintiff's case; it simply means that she will have to pursue her claims in state court, rather than federal court, if she so desires.

**IT IS RECOMMENDED** that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**; and

2.  This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

Dated:  October 7, 2009          _s/ Jeanne J. Graham_____
                                                    JEANNE J. GRAHAM
                                                    United States Magistrate Judge

### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 21, 2009**.  A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.